94 F.3d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emmanuel P. AMAYO, Plaintiff-Appellee Cross-Appellant,
v.
PAUL REVERE INSURANCE GROUP, Defendant-Appellant Cross-Appellee.
 No. 95-1027, 95-1028.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1996.
 
 Before: SILER and BATCHELDER, Circuit Judges, and CARR, District Judge.[1]
 PER CURIAM.
 
 
 1
 Emmanuel Amayo formerly worked as a surgeon. Paul Revere Insurance Group (Revere) provided him with disability insurance. Amayo became ill and unsuccessfully sought benefits from Revere. Amayo then sued Revere, claiming breach of contract, fraud, misrepresentation, and mistake. In December, 1994, a jury awarded Amayo $51,350. After denying Revere's motion for judgment notwithstanding the verdict (JNOV), the district court entered judgment in accordance with the verdict.
 
 
 2
 Both parties appeal. For the following reasons, we reverse the judgment and remand to the district court with instructions to enter judgment for Revere. This ruling moots Amayo's appeal.
 
 BACKGROUND
 
 3
 Revere insured Amayo under three policies (App. 752). Each of these policies contained the following provisions:
 
 4.2 GRACE PERIOD
 
 4
 After the first premium has been paid, a grace period of 31 days is allowed for late payment of premium. Your Policy will remain in force during the grace period.
 
 
 5
 If the premium is not paid when it is due or within the grace period, the Policy will lapse.
 
 4.3 REINSTATEMENT
 
 6
 If Your Policy lapses because the premium is not paid when due or within the grace period, it will be reinstated if We or Our agent accepts payment of the premium without requiring a reinstatement application.
 
 
 7
 If We receive the premium due at Our Home Office within 57 days from the date the premium was due, We will not require evidence of Your insurability.
 
 
 8
 If We receive the premium after 57 days, We will require a reinstatement application.... If We approve Your application, the Policy will be reinstated as of the date of Our approval.... The reinstated Policy will cover only loss due to:
 
 
 9
 a. Injury sustained after the date of reinstatement; or
 
 
 10
 b. Sickness that begins more than ten days after such date.
 
 
 11
 (App. 577).
 
 
 12
 Amayo occasionally did not pay his premiums on their due dates. Some time around the end of August, 1990, Amayo spoke by telephone with Marlene Bussiere, the secretary for the insurance agent who sold Revere's insurance to Amayo. Bussiere informed Amayo that his insurance had lapsed, because he had not paid his premium within 31 days after its due date. Bussiere then told Amayo, "don't worry about it. [The agent] will take care of it. There's nothing to worry about" (App. 783).
 
 
 13
 Approximately two months passed. Amayo made no payments. Nor did Amayo take any alternative action. Finally, on October 31, 1990, Amayo signed a reinstatement application (App. 752). Fewer than ten days later, on November 8, 1990, Amayo entered a hospital. He subsequently sought disability benefits effective on that date. Revere denied benefits; under § 4.3 of Amayo's policies, Amayo had no right to benefits, because his disabling illness began fewer than ten days after the November 8 reinstatement date.
 
 
 14
 In the district court, Amayo argued that Revere was estopped from enforcing § 4.3. The court, relying on Allstate Insurance Co. v. Snarski, 174 Mich.App. 148, 435 N.W.2d 408, 412 (Mich.App.1988), agreed that an estoppel may arise from an insurer's conduct that induces the insured, "in justifiable reliance thereon, to act or fail to act to his prejudice" (App. 747). The court, however, held that factual issues concerning inducement and reliance precluded summary judgment (App. 748). After the jury returned a verdict for Amayo, the court denied Revere's motion for a JNOV.
 
 DISCUSSION
 
 15
 Because this diversity suit was brought in federal court in Michigan, we must apply Michigan law when reviewing denial of a motion for a JNOV. Karl Wendt Farm Equipment Co. v. International Harvester Co., 931 F.2d 1112, 1115 (6th Cir.1991). Under Michigan law, failure to grant a JNOV is reviewed de novo. Moody v. Pepsi-Cola Metropolitan Bottling Co., 915 F.2d 201, 208 (6th Cir.1990). We must view the evidence and reasonable inferences from it in the light most favorable to Amayo, "without considering the credibility of the witnesses or the weight of the evidence," and uphold the district court's decision unless the only reasonable conclusion is that Revere is entitled to judgment. See id. (citing Matras v. Amoco Oil Co., 424 Mich. 675, 677, 385 N.W.2d 586, 588 (Mich.1986)).
 
 
 16
 Viewing the record this way, the material facts are undisputed. Under Michigan law, therefore, "the existence of estoppel is a question of law." See J.C. Wyckhoff & Associates v. Standard Fire Insurance Co., 936 F.2d 1474, 1493 (6th Cir.1991). An estoppel exists here only if Amayo, as a matter of law, justifiably relied on inducements by Revere when, after learning that his insurance had lapsed, he took no action for approximately two months.
 
 
 17
 Amayo points to three inducements to his inaction: (1) the policy provisions quoted above: (2) Amayo's prior history of tendering late premium payments; and (3) the statements by Bussiere. The only reasonable conclusion from the record, however, is that Amayo's reliance on these inducements was not justified. Consequently, the district court erred by not granting Revere a JNOV.
 
 
 18
 First, the policies unambiguously provide that coverage lapses when Amayo fails to pay a premium within 31 days of its due date. The policies further unambiguously state that only payment will reinstate coverage following a lapse.
 
 
 19
 Second, Revere never strayed from the policies' terms regarding lapse. Revere had reinstated Amayo's policies following a prior lapse only when it had finally received payment from Amayo (Amayo Br. at 5).
 
 
 20
 Third, particularly in light of the policies' terms and Revere's past conduct, Amayo could not justifiably have based his months of inaction on Bussiere's statements. Bussiere told Amayo that his coverage had lapsed due to nonpayment. She did not indicate that he could reinstate coverage without payment. She said, "[the agent] will take care of it," and "there's nothing to worry about" (App. 783). One cannot justifiably rely on such ambiguous, mollifying statements by an agent's secretary to ignore a clearly mandated, previously enforced prerequisite to reinstatement, namely payment. Cf. Soltis v. First of America Bank-Muskegon, 203 Mich.App. 435, 444, 513 N.W.2d 148, 152 (1994) (affirming rejection of estoppel claim, because would-be beneficiary of trust could not justifiably rely on statements that conflicted with "clear language of the trust").
 
 
 21
 For these reasons, we REVERSE the judgment and REMAND to the district court with instructions to enter judgment for Revere.
 
 
 
 [1]
 The Honorable James G. Carr, District Judge, United States District Court for the Northern District of Ohio, sitting by designation